IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )    **CRIMINAL ACTION**
                                )
v.                              )    No.  07-10221-06-MLB
                                )
RICKY HENRY,                    )
                                )
                Defendant.      )
_____)

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to suppress items seized pursuant to a search warrant. (Doc. 114). The motion has been fully briefed and is ripe for decision. (Docs. 115, 121). Defendant's motion to suppress is granted for the reasons herein.

I.   **Facts**

The parties agree that most of the facts submitted in the affidavit attached to the application for the search warrant concern the activities of Tyrone Andrews, a co-defendant. Wichita police were conducting surveillance on Andrews' activities and they also had received authorization for a wiretap. Facts surrounding the investigation of Andrews and other co-defendants can be found in this court's prior orders. (Docs. 117 and 122).

The excerpt from the affidavit pertaining to the search in question states:

> On September 12, 2007 at approximately 7:25PM Andrews received a phone call from phone number 316-390-6452 on target telephone 2 from an unknown male. The male asked Andrews what the weather was looking like. Andrews stated that it's still good. The male talks the "one"

Andrews brought for another person and that he was almost ready. The male talks about coming and getting something and the male could get another one and he would have everything on both the next day. At approximately 9:34PM Andrews is overheard on another call talking to an unknown male when he tell [sic] the male that he has to make two runs and then plans on going home. At approximately 9:45PM surveillance units watch as Andrews exits the residence and leaves in his car. Andrews is followed to 1111 N. Pershing where he meets with an unknown black male.

On September 17, 2007 at approximately 5:38PM Andrews received a phone call from phone number 316-201-5321 on target telephone 2 from an unknown male. The male asked him if he wanted his change and Andrews told the male that he never called and told him to come get it. The male then talks about a person who is coming up again and ought to be there by 8:30PM or 9:00PM. Andrews asked what he was going to do and the male replied just the nine. Andrews states that he will bring it over early and his people will be there tomorrow and that he needs to go through what he has anyway. At 7:31PM the male calls Andrews and is told that Andrews is about to make all his "runs" at once. At 9:18PM surveillance units at 1821 S Ridgewood see Andrews leave in his car and he is followed to 1111 Pershing. Once at 1111 Pershing a male exits the house and meets with Andrews inside of Andrews' car. The male then exits the car and goes back inside the residence and Andrews leaves.

(Doc. 115, exh. 1 at 8-9).

On September 23, 2007, Magistrate Judge Donald Bostwick authorized officers to conduct a search at 1111 N. Pershing. The search was executed at 10:32 p.m. on that same day. Although not specifically stated in the parties' submissions, the court assumes that defendant Henry has standing to challenge the search.

**II.  Analysis**

Defendant argues that probable cause did not exist for the search warrant because there was no evidence to link the phone calls made to the residence and no evidence that a drug transaction occurred during the two visits by Andrews. Defendant also alleges that the

challenged evidence is not admissible under the "good faith" exception to the exclusionary rule.

### 1.  Probable Cause

The Fourth Amendment to the United States Constitution provides that:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.  The validity of a warrant is not determined by "nit-picking" discreet portions of the application.  Rather, the test is whether, under the totality of the circumstances presented in the affidavit, the issuing judge had a "substantial basis" for determining that probable cause existed.  Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Harris, 369 F.3d 1157, 1165 (10th Cir. 2004) ("In determining whether a search warrant was supported by probable cause, we review "the sufficiency of the affidavit upon which a warrant [wa]s issued by looking at the totality of the circumstances and simply ensuring 'that the [issuing] magistrate had a substantial basis for concluding that probable cause existed.'" (internal citation omitted)).

Probable cause exists when "the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched."  Harris, 369 F.3d at 1165 (quoting United States v. Hernandez-Rodriguez, 352 F.3d 1325, 1330 (10th Cir. 2003)).  The Tenth Circuit has adopted the general rule that probable cause requires a "nexus between [the contraband to

-3-

be seized] or suspected criminal activity and the place to be searched." <u>United States v. Rowland</u>, 145 F.3d 1194, 1203-04 (10th Cir. 1998)(quoting <u>United States v. Corral-Corral</u>, 899 F.2d 927, 937 (10th Cir. 1990)).

The Supreme Court has observed that "a magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" <u>Gates</u>, 462 U.S. at 236 (quoting <u>Spinelli v. United States</u>, 393 U.S. 410, 419 (1969)). In doing so, reviewing courts must apply the totality of the circumstances test:

> The task of the issuing magistrate judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for. . . conclud[ing] that probable cause existed.

<u>Gates</u>, 462 U.S. at 238-39 (internal citation omitted).

Defendant argues that probable cause was lacking to support the search warrant because: 1) there is no indication that the phone calls were linked to the residence; 2) there is no informant indicating who resides at the residence; and 3) there is no evidence that any items were exchanged during the two encounters between the male at the residence and Andrews.

The affidavit does an excellent job of providing a detailed description of the investigation surrounding <u>Andrews</u>. The problem, however, is that the affidavit does not link the N. Pershing residence to any drug activity. According to the affidavit, Andrews received calls from unknown males discussing runs that Andrews was making but

-4-

the calls received on those two separate dates came from two different phone numbers, neither of which are in anyway connected to the residence.  Moreover, the affidavit does not establish that Andrews completed any drug transaction during the two times that he visited the residence.

The court finds that the facts set forth in the affidavit do not establish probable cause to search the N. Pershing residence.  United States v. Anderson, 981 F.2d 1560, 1569 (10th Cir. 1992)(suppressing the search warrant when no statements linked the presence of drugs to the residence).  The affidavit merely establishes that a known narcotics dealer stopped at the residence on two occasions.  That, by itself, does not establish probable cause to search the residence.

**2.  Good Faith Exception**

The government asserts that even if the affidavit does not establish probable cause, the evidence seized should not be suppressed because the officers acted in good faith.  See United States v. Leon, 468 U.S. 897 (1984).  Defendant argues that reliance on the affidavit by officers in executing the search warrant was unreasonable and not subject to the Leon exception.

The Supreme Court recognizes four situations in which an officer would not have reasonable grounds for believing a warrant was properly issued.  In these situations, the good-faith exception to the exclusionary rule would not apply.

> First, evidence should be suppressed if the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his "reckless disregard of the truth."  Second, the exception does not apply when the "issuing magistrate wholly abandon[s her] judicial role."

-5-

> Third, the good-faith exception does not apply when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  Fourth, the exception does not apply when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid.

United States v. Danhauer, 229 F.3d 1002, 1007 (10th Cir. 2000) (citing throughout United States v. Leon, 468 U.S. 897 (1984)). Defendant relies on the third and fourth factors.

This court has had little or no occasion to apply Leon to searches because the warrants issued by its magistrate judges are rarely, if ever, deficient.  In this isolated case, however, the warrant is deficient and there is no evidence from the executing officer(s) regarding whether he reviewed the application and the warrant, thereby forcing the court to assume facts not in evidence, i.e. that the officer reasonably believed the warrant to be valid and why.  This is an assumption the court is not prepared to make. Moreover, when the government relies on Leon, it should present evidence to support its application.

## III. Conclusion

Defendant's motion to suppress is granted.  (Doc. 114).  The evidence seized from defendant's residence at 1111 N. Pershing is suppressed.

IT IS SO ORDERED.

Dated this _____ day of May 2008, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE