**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No.  07-10221-06-MLB |
| | ) | |
| RICKY HENRY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the government's motion for reconsideration. (Doc. 128).  On May 16, 2008 this court granted defendant's motion to suppress all evidence seized pursuant to a search warrant. (Doc. 122).  The government does not challenge the court's ruling that the facts set forth in the affidavit do not establish probable cause to search the residence.  Instead, the government asserts that the court misapplied the Leon exception.

The court stated the following when it considered the Leon exception:

> The Supreme Court recognizes four situations in which an officer would not have reasonable grounds for believing a warrant was properly issued.  In these situations, the good-faith exception to the exclusionary rule would not apply.
>
> First, evidence should be suppressed if the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his "reckless disregard of the truth."  Second, the exception does not apply when the "issuing magistrate wholly abandon[s her] judicial role." Third, the good-faith exception does not apply when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely

> unreasonable." Fourth, the exception does not apply when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid.
>
> United States v. Danhauer, 229 F.3d 1002, 1007 (10th Cir. 2000) (citing throughout United States v. Leon, 468 U.S. 897 (1984)). Defendant relies on the third and fourth factors.
>
> This court has had little or no occasion to apply Leon to searches because the warrants issued by its magistrate judges are rarely, if ever, deficient. In this isolated case, however, the warrant is deficient and there is no evidence from the executing officer(s) regarding whether he reviewed the application and the warrant, thereby forcing the court to assume facts not in evidence, i.e. that the officer reasonably believed the warrant to be valid and why. This is an assumption the court is not prepared to make. Moreover, when the government relies on Leon, it should present evidence to support its application.

(Doc. 122 at 5-6).

The government argues that an officer's testimony is not required and that the court need not receive evidence of the officer's subjective good faith. (Doc 128 at 2-4). The court did not rule that the government is required to present evidence of an officer's "subjective good faith" or, for that matter, that subjective good faith is even relevant to a determination of a Leon exception. While the court concedes that its ruling could have been clearer, the court's point was, and is, that this is one of those rare instances when the application for the warrant lacks indicia of probable cause (the third Leon situation).

As the court explained it its prior order, there was no evidence at all connecting the phone calls to 1111 N. Pershing and no evidence that a drug transaction occurred at 1111 N. Pershing. The affidavit did not even establish who resided at 1111 N. Pershing. The affidavit only confirmed that a suspected drug dealer stopped at the house on

-2-

two separate occasions, but did not enter the house. Those facts are not sufficient to establish probable cause for a search warrant and the court should have made it clearer that it was suppressing the search on the basis of the government's failure to establish <u>Leon</u>'s third situation was not applicable in this case.

In its response to defendant's motion, the government appeared to assert that the <u>Leon</u> exception applied because the facts established that the officers acted in good faith and with reasonable reliance. (Doc. 121 at 4-6). The government did not specifically address the four situations in which the <u>Leon</u> exception does not apply even though defendant asserted in his memoranda that he was seeking suppression based on both the third and fourth situations set forth in <u>Leon</u>. While the court did not find, one way or another, that the government had failed to establish that <u>Leon</u>'s fourth situation was not applicable, its statement regarding evidence was directed at the fourth <u>Leon</u> situation. Contrary to the government's argument on reconsideration, there are occasions when the government must offer evidence to meet its burden to show an officer's "reasonable belief." "[T]he government, not the defendant, bears the burden of proving that its agents' reliance upon the warrant was objectively reasonable." <u>United States v. Beck</u>, No. 04-4210, 2005 WL 1649310, *4 (10th Cir. July 14, 2005)(quoting <u>United States v. Cook</u>, 854 F.2d 371, 373 (10th Cir. 1988)). In <u>United States v. Tuter</u>, a case cited by the government (Doc. 128 at 2), the agent testified regarding his belief that he possessed probable cause. 240 F.3d 1292, 1299-1300 (10th Cir. 2001). Thus, there are times where the government must produce evidence to satisfy its burden under <u>Leon</u>.

-3-

   The government's motion for reconsideration is denied.  (Doc. 128).

   IT IS SO ORDERED.

   Dated this    22nd    day of May 2008, at Wichita, Kansas.


                                   s/ Monti Belot
                                   Monti L. Belot
                                   UNITED STATES DISTRICT JUDGE

-4-